UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                      NO. 05-21566

**OCEAN DYNAMICS, LLC**                         SECTION "B"

DEBTOR                                                  CHAPTER 11

## REASONS FOR ORDER

This matter came on for hearing as a final hearing on approval of the debtor's revised disclosure statement and a hearing on confirmation of the debtor's plan of reorganization. The debtor filed for Chapter 11 protection on November 7, 2005. On February 8, 2006 the debtor filed a disclosure statement and a plan of reorganization. The disclosure statement was conditionally approved pursuant to 11 U.S.C. § 1125(f)(3), although in an order dated February 15, 2006 the court directed the debtor to make certain changes to comply with 11 U.S.C. § 1125(a)(1) before the final hearing. The debtor made these changes and the disclosure statement is recognized to be in compliance with 11 U.S.C. § 1125 and is approved. The plan of reorganization is not approved, however, because it does not comply with the requirements of 11 U.S.C. § 1129.

**I.**      **Background**

The debtor's plan is a liquidation plan and provides for payment of administrative expense claims and priority tax claims without classifying them

1

pursuant to 11 U.S.C. § 1123(a)(1).[1]  The plan provides for the payment in full of these claims on or before the effective date.  The debtor's plan consists of only two classes, both of which are impaired.  The first class consists of all unsecured creditors.  In this case, there were two unsecured creditors.  Although the debtor's schedules list the unsecured debts at $1,125,000.00 for Cabett Subsea Products, Inc. ("Cabett"), and $25,000.00 for Thomas L. Sherlin ("Sherlin"), the ballots cast show that Cabett voted a claim of $325,000.00 and Sherlin voted a claim of $13,340.96.  Cabett voted to reject the plan, and Sherlin voted to accept it.

The second class designated by the debtor in its plan was the ownership interests of the debtor, consisting of two shareholders each owning 50% of the LLC.  One of the members, Thomas Sherlin, was also a creditor in class one.  He is listed in the debtor's petition as a managing member and signed the debtor's bankruptcy petition.  According to the debtor's tabulation of the ballots, this class cast no votes.

## II.   Legal Analysis

First, the court notes that under the provisions of 11 U.S.C. § 1126(c)

---

[1] 11 U.S.C. 1123(a)(1) reads:

Notwithstanding any otherwise applicable nonbankruptcy law, a plan shall designate, subject to section 1122 of this title, classes of claims, other than claims of a kind specified in section 507(a)(2), 507(a)(3), 507(a)(8) of this title, and classes of interests.

requiring acceptance by holders of claims of at least two-thirds in amount and more than one-half in number for the acceptance of the plan by that class, the first class has rejected the plan.[2] According to the tabulation of ballots, the Sherlin vote accepting the plan comprises only 4% of the amount of claims in class one. Further Sherlin's vote is only 50% of the votes in class one, and thus fails the more than one-half in number requirement as well.

At the hearing on the plan confirmation, the debtor's attorney explained that he intended to confirm the plan under 11 U.S.C. § 1129(b), the "cramdown" provision of the Bankruptcy Code. This section allows a debtor to confirm a plan even though it has been rejected by a class of creditors if certain criteria are met. Section 1129(b)(1) reads:

> Notwithstanding section 510(a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

---

[2] 11 U.S.C. § 1126(c) reads:

A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

Thus, in order to confirm a plan under 11 U.S.C. § 1129(b), all the requirements of 1129(a) must be met, except 1129(a)(8), which requires each impaired class to accept the plan.[3]

Section 1129(a)(10) of the Bankruptcy Code states: "If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider." This means that if any class of claims is impaired under the plan, the plan may be confirmed through cramdown only if at least one other impaired class has accepted the plan, determined without including any acceptance of the plan by any insider.[4] Here, no impaired class accepts the plan, and so confirmation under § 1129(b) is not an option. The policy reason behind this rule is to prevent a "cramdown" on creditors when there is not even one group willing to accept the plan.[5]

---

[3] *In re Cajun Electric Power Co-op, Inc.,* 230 B.R. 715, 743 (Bankr. M.D.La. 1999)(plan proponent may seek confirmation under section 1129(b) only if all provisions of section 1129(a) are satisfied other that subparagraph 8).

[4] *Matter of T-H New Orleans Ltd. Partnership*, 10 F.3d 1099 (5th Cir. 1993).

[5] *In re 266 Washington Assocs.,* 141 B.R. 275,287 (Bankr. E.D.N.Y.). *aff'd,* 147 B.R. 827 (E.D.N.Y. 1992), which states:

> Section 1129(a)(10) operates as a statutory gatekeeper barring access to cram down where there is absent even one impaired class accepting the plan. Cramdown is a powerful remedy available to plan proponents under which dissenting classes are compelled to rely on difficult judicial valuations, judgments, and determinations. The policy underlying Section 1129(a)(10) is that before

The court further notes that even had both shareholders in class two voted to accept the plan, there would still not be an impaired accepting class that conformed to the requirements of § 1129(a)(10), because that section requires that the acceptance of a plan by an insider should be disregarded when determining if an impaired class accepts the plan. Section 101(31)(b)(iii) defines an insider of a debtor corporation as a person controlling the debtor. Sherlin, as managing member of the LLC, is a person who controls the debtor, and his vote cannot be counted. The court is not aware of the exact nature of the other shareholder's relationship to the LLC, but as a 50% member, Sherlin's share in the debtor prevents the other shareholder alone from meeting the "at least two-thirds in amount" requirement of § 1126(d).[6] This prevents the debtor from overcoming the requirements of § 1129(b) to achieve confirmation of the plan.

---

embarking upon the tortuous path of cram down and compelling the target of cram down to shoulder the risks of error necessarily associated with a forced confirmation, there must be some other properly classified group that is also hurt and nonetheless favors the plan.

[6] 11 U.S.C. § 1126(d) reads:

A class of interests has accepted a plan if such plan has been accepted by holders of such interests, other than any entity designated under subsection (e) of this section, that holds at least two-thirds in amount of the allowed interests of such class held by holders of such interests, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

For the reasons expressed above, the confirmation of the debtor's plan of liquidation is denied.

New Orleans, Louisiana, March 30, 2006.

                                                   _____
                                                   Jerry A. Brown
                                                   U.S. Bankruptcy Judge